UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FOHSE INC.,

        Plaintiff,

vs.

ESTTECH INC.,

        Defendant.

Case No.: 2:22-cv-00618-GMN-DJA

**ORDER**

Several motions are currently pending before the Court in this patent action: non-party Yuyao Tanghong Int'l Trade Co. Ltd.'s ("Yuyao's") Motion to Intervene, (ECF No. 23); Plaintiff FOHSE Inc.'s ("Plaintiff's" or "FOHSE's") Motion for Judgment on the Pleadings, (ECF No. 25); Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 25); Plaintiff's Motion to Dismiss, (ECF No. 51); and Plaintiff's Motion/Notice of Voluntary Dismissal, (ECF No. 52).[1]

The Court held a hearing on the Motion to Intervene and Motion for Judgment on the Pleadings on July 25, 2023. (Min. Proceedings, ECF No. 50). At the hearing, the Court expressed concern that the Court lacked subject matter jurisdiction over this matter because under the operative complaint, no case or controversy exists between Plaintiff and Defendant. The Court therefore ordered Plaintiff to file a motion to amend the complaint, or alternatively the parties to file a stipulation to amend the complaint, no later than August 8, 2023. (*Id.*). Instead of filing a motion or stipulation to amend the complaint, Plaintiff filed the Motion to

---

[1] Defendant filed a Notice of Intent to Oppose the Motion to Dismiss and Motion/Notice of Voluntary Dismissal. Because the Court finds *sua sponte* it lacks jurisdiction over this matter, the Court need not wait for Defendant to file responses to the motions. Nonetheless, the Court responds to Defendant's contention that the Court affirmatively stated at the hearing that it would grant the Motion to Intervene and dismiss ESTtech with prejudice. (*See* Not. Intent Oppose 2:13–17). The Court expressed its inclination to grant the Motion to Intervene and dismiss ESTtech with prejudice *assuming the Court has jurisdiction to do so*. Here, the Court finds it lacks jurisdiction, and therefore cannot reach the merits of the pending motions.

Dismiss[2] and, in the alternative, the Motion/Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41.[3]  Because the Court lacks subject matter jurisdiction over this action, the Court **DISMISSES** this case **WITHOUT prejudice** and finds all pending motions **MOOT**.

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citing U.S. Const., Art. III, § 2).  To satisfy the case-or-controversy requirement, the dispute between a plaintiff and defendant must be "definite and concrete, touching the legal relations of parties having adverse legal interests[,] . . . real and substantial[,] and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937)).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

---

[2] Plaintiff's Motion to Dismiss presumes the Court found it lacked subject matter jurisdiction at the hearing. (Mot. Dismiss 1:23–28, ECF No. 51).  The Court did not make any explicit finding; Rather, the Court advised the parties of its concerns regarding jurisdiction and provided Plaintiff an opportunity to cure any jurisdictional issues.

[3] Rule 41 permits a plaintiff to voluntarily dismiss an action "before the opposing party serves either an answer or a motion for summary judgment."  Because Defendant filed an Answer to the Complaint, (ECF No. 12), Rule 41 is not applicable here.

1 judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)

2     Here, the operative complaint does not demonstrate that Plaintiff and Defendant have
3 adverse legal interests. (*See* Compl., ECF No. 1) (noting that Defendant is not the listed
4 applicant or assignee of patent). Indeed, the parties agree that Defendant is not the owner of the
5 '670 patent and lacks standing to bring claims of infringement based on the patent. (Mot. Judg.
6 Pleadings 4:2–6, ECF No. 25). That is, no dispute exists between Plaintiff and Defendant, let
7 alone a dispute that is "definite and concrete, touching the legal relations of parties having
8 adverse legal interests." *See MedImmune*, 549 U.S. at 127. Therefore, the Court lacks
9 jurisdiction to hear this case. Accordingly,

10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**IT IS HEREBY ORDERED** that the Court **DISMISSES** this action **WITHOUT prejudice**. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) (noting that "dismissal for lack of subject matter jurisdiction should be without prejudice").

**IT IS FURTHER ORDERED** that all pending motions, (ECF Nos. 23, 25, 51, 52) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this case.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction over any subsequent request for attorney's fees and costs if Defendant can articulate a reasonable basis for such an award.[4]  Defendant shall have until September 1, 2023, to file a motion for attorney's fees and costs, which will follow the normal briefing schedule.

Dated this  18  day of August, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] *See Russell City Energy Co., LLC v. City of Hayward*, No. C-14-03102 JSW (DMR), 2015 WL 983858, at *2 (N.D. Cal. Feb. 17, 2015), *report and recommendation adopted*, No. C 14-03102 JSW, 2015 WL 994533 (N.D. Cal. Mar. 4, 2015) ("Under Ninth Circuit precedent, a court that has dismissed a case for lack of subject matter jurisdiction generally has no jurisdiction to award attorneys' fees.") (noting exceptions).