UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FOHSE INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00618-GMN-DJA |
| vs. ) | |
| ) | **ORDER DENYING ATTORNEY'S FEES** |
| ESTTECH INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Court dismissed this patent action between Plaintiff FOHSE Inc. and Defendant ESTTech Inc. *sua sponte* for lack of subject matter jurisdiction after a hearing on several motions, all of which were denied as moot.[1] (Order, ECF No. 54).  In its Order, the Court noted that it would retain jurisdiction to consider a subsequent motion for attorney's fees and costs "if Defendant can articulate a reasonable basis for such an award." (*Id.* 4:8–9).  The Court cited *Russell City Energy Co., LLC v. City of Hayward* to highlight for Defendant that, with some exceptions, "a court that has dismissed a case for lack of subject matter jurisdiction generally has no jurisdiction to award attorneys' fees." (*Id.* n.4) (quoting *Russel City Energy Co., LLC v. City of Hayward*, No. C-14-03102 JSW (DMR), 2015 WL 983858, at *2 (N.D. Cal. Feb. 17, 2015), *report and recommendation adopted*, No. C 14-03102 JSW, 2015 WL 994533 (N.D. Cal. Mar. 4, 2015)).

Defendant then filed the instant Motion for Attorney's Fees, (ECF No. 55).  Plaintiff filed a Response, (ECF No. 56), to which Defendant filed a Reply, (ECF No. 57).  Plaintiff also

---

[1] The Court expressed its concern regarding subject matter jurisdiction at the hearing and ordered Plaintiff to file a motion to amend the complaint, or alternatively the parties to file a stipulation to amend the complaint. Plaintiff instead filed a Motion to Dismiss and, in the alternative, a Motion/Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 4.

Page 1 of 3

filed a Motion to Strike or alternatively to file a Surreply, (ECF No. 58),[2] to which Defendant filed a Response, (ECF No. 60).

Defendant's Motion for Attorney's Fees does not address *Russel City Energy Co.* or the general rule that courts do not have jurisdiction to grant attorney's fees after a case was dismissed for lack of subject matter jurisdiction. Instead, Defendant proffered two legal bases for its Motion: Federal Rule of Civil Procedure 41(a)(2) and 35 U.S.C. § 285. (Mot. Atty Fees 3:13–6:19, ECF No. 55). In its Reply, however, Defendant admits that it "missed the mark" and "unilaterally withdraws its prior reliance on Federal Rule of Civil Procedure 41(a)(2) and 35 U.S.C. § 285." (Reply 3:11–14, ECF No. 57). Defendant then articulates a new basis for attorney's fees under 28 U.S.C. § 1927. (*Id.* 3:14–15).

Defendant improperly seeks to correct its deficient Motion in its Reply. This Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Rather than counter Plaintiff's arguments in the Response brief, Defendant admits that Plaintiff's arguments are correct and seeks a do-over, relying on a new legal basis for attorney's fees. *See Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in original) ("[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

Defendant's improper attempt at a do-over is all the more apparent by Defendant's support of Plaintiff's right to file a surreply to address this new legal basis. (Reply 3:15–16). But Defendant cannot cure its insufficient Motion by displacing its legal arguments with a new legal argument in its Reply and consenting to a surreply. Defendant conceded that it failed to meet its burden. The Court therefore DENIES Defendant's Motion for Attorney's Fees because Defendant failed to articulate a reasonable basis for such fees in its Motion. Moreover,

---

[2] Plaintiff filed a Notice of Corrected Image/Document, (ECF No. 59).

the Court notes Defendant's new argument in its Reply relies on the Court's discretion to award fees in cases of unreasonable or vexatious litigation. *See* 28 U.S.C. § 1927.  Even if the Court entertained Defendant's improper argument, the Court would nonetheless decline to exercise its discretion to award fees after this case was dismissed for lack of subject matter jurisdiction. Defendant's Motion is therefore dismissed with prejudice.  In light of the Court's disposition of the Motion for Attorney's Fees, the Court DENIES Plaintiff's Motion to Strike or alternatively to file a Surreply as moot.[3]

**IT IS HEREBY ORDERED** that the Motion for Attorney's Fees, (ECF No. 55), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike, (ECF No. 58), is **DENIED as moot**.

Dated this __17__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Plaintiff also requests attorney's fees and costs associated with bringing its Motion to Strike.  In its discretion, the Court denies Plaintiff's request for fees and costs.